| | |
|---|---|
| DARRELL NORMAN SIMON, JR., )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. ) | **ORDER,**<br>**MEMORANDUM OPINION**<br>**AND RECOMMENDATION**<br><br>1:10CV804<br>1:06CR456-1 |

Petitioner Darrell Norman Simon, Jr., a federal prisoner, has filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (docket no. 17).[1] Petitioner was charged with and pled guilty to one count of bank robbery in violation of 18 U.S.C. § 2113(a) and one count of possession of a firearm during a bank robbery in violation of 18 U.S.C. § 924(c)(1)(A)(i) (docket nos. 1, 9, 10). He was sentenced to 25-months imprisonment on the bank robbery charge and a consecutive 60-months imprisonment on the firearm charge. Judgment was entered on April 17, 2007 (docket no. 15). Petitioner did not file a direct appeal; however, on October 21, 2010, he signed and dated his current motion and mailed it to the court. Respondent responded by filing a motion to have the 2255 motion dismissed for being untimely (docket no. 20).[2] Despite being advised of his right to file a response

---

[1] This and all further cites to the record are to the criminal case.

[2] Respondent also filed a motion seeking an extension of time to file its response which has not yet been ruled upon by the court (docket no. 19). That motion is granted and

(continued...)

(docket no. 21), Petitioner has not done so.  The parties' motions are now before the court for decision.

## **DISCUSSION**

Respondent requests dismissal on the ground that the motion was filed[3] outside of the one-year limitation period imposed by the Antiterrorism and Effective Death Penalty Act of 1996, P.L. 104-132 ("AEDPA").  28 U.S.C. § 2255(f).  The AEDPA amendments apply to all motions filed under 2255 after their effective date of April 24, 1996.  *Lindh v. Murphy*, 521 U.S. 320 (1997).  Interpretations of 28 U.S.C. §§ 2244(d)(1) and 2255 have equal applicability to one another.  *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999).

Under Section 2255(f)(1), the limitation period runs from the date when the judgment of conviction became final.  Where a petitioner files an appeal, finality has been construed to mean when the petitioner may no longer seek further review because of (1) the denial of a petition for certiorari to the United States Supreme Court or (2) the expiration of the time for seeking such review.  *Clay v. United States*, 537 U.S. 522 (2003).  Where no direct appeal is filed, the conviction becomes final when the ten-day notice of appeal period expires.  *Id.*; Fed. R. App. P. 4(b).  Here, as noted, Petitioner's judgment was entered on April 17, 2007, he did not file a direct

---

[2](...continued)
Respondent's motion to dismiss is timely.

[3] A Section 2255 motion is filed by a prisoner when the motion is delivered to prison authorities for mailing.  *Adams v. United States*, 173 F.3d 1339, 1341 (11th Cir. 1999).

appeal, and his 2255 motion was not filed until October 21, 2010, more than three and a half years after his judgment was entered. It is well out of time under subsection (f)(1). Only if another subsection gives Petitioner more time to file will his motion be timely.

Section 2255(f)(2) requires an unlawful governmental action which prevented Petitioner from filing his 2255 motion. Petitioner fails to allege or show that any unlawful governmental action prevented him from filing this motion. Therefore, subsection two does not give Petitioner a longer limitation period.

Section 2255(f)(3) allows the limitation period to run from the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized and made retroactively applicable to cases on collateral review. Petitioner does not allege that he is relying on any such right, but he does rely on recent case law from circuit courts of appeals in arguing one of his claims. He contends that the cases he cites suggest that his sentences should have been concurrent, rather than consecutive (docket no. 17, attach A). Circuit law is not sufficient to have subsection (f)(3) render Petitioner's motion timely. Further, the cases relied upon by Petitioner were recently overruled by the United States Supreme Court. *Abbott v. United States*, ___ U.S. ___, 131 S. Ct. 18, (2010). Not only does subsection (f)(3) not apply, but this claim would fail on the merits.

Section 2255(f)(4) allows the limitation period to run from the date on which the facts supporting the claims presented could have been discovered through the

exercise of due diligence. Petitioner's claims in his motion are based on facts that existed and were known to him, or were at least discoverable through the exercise of due diligence, near to the time his conviction became final. Therefore, this subsection also does not apply and Petitioner's motion is untimely.

Finally, the Supreme Court has determined that the one-year limitation period is subject to equitable tolling. *Holland v. Florida*, ___ U.S. ___, 130 S.Ct. 2549, 2562 (2010). Equitable tolling may apply when a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Petitioner has not made any argument in favor of equitable tolling and none is apparent in the record. His motion is untimely and should be dismissed.

**IT IS THEREFORE ORDERED** that Respondent's motion for an extension of time (docket no. 19) is **GRANTED**.

**IT IS RECOMMENDED** that Respondent's motion to dismiss (docket no. 20) be **GRANTED**, that Petitioner's motion to vacate, set aside or correct sentence (docket no. 17) be **DISMISSED**, and that Judgment be entered dismissing this action.

_____
Wallace W. Dixon
United States Magistrate Judge

Durham, N.C.
March 21, 2011